**MEREDITH COHEN GREENFOGEL & SKIRNICK, P.C.**
ATTORNEYS AT LAW
ONE LIBERTY PLAZA, 35TH FLOOR
NEW YORK, NY 10006
(212) 240-0020
FAX (212) 240-0021

22ND FLOOR-ARCHITECTS BUILDING
117 S. 17TH STREET
PHILADELPHIA, PA 19103
(215) 564-5182
FAX (215) 569-0958

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

July 16, 2008

BY HAND

Hon. Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas St., Room 533
White Plains, NY 10601

**MEMO ENDORSED**

    Re:    Suarez v. Fidelity National Title Insurance Co., et al., 08cv1955 (KMK)

Dear Judge Karas:

    We wish to bring to your Honor's attention that the plaintiff in the captioned action has been intentionally excluded from a recently entered stipulation consolidating several other related actions and from the recently filed consolidated complaint that followed. The related case of Rovelo v. Fidelity National Title Insurance Co., et al., 1:08cv1830, was also excluded from both the stipulation and the consolidated complaint.

    More specifically, the order of July 8, 2008 in Galiano v. Fidelity National Title Insurance Co., et al., 08 cv 01317 (KMK), and five related cases, signed in connection with a Stipulation Regarding Consolidation and Rule 12 Motions, as well as the July 9, 2008 consolidated complaint do not include the Suarez and the Rovelo cases. These exclusions are particularly troubling for us because plaintiffs' counsel in the related actions and all defendants' counsel are and have been aware of the Suarez action from the inception of the litigation.

    Indeed, in its losing motion before the MDL Panel, one of the other plaintiffs' counsel, Lowey Dannenberg Cohen & Hart, P.C. ("Lowey Dannenberg") specifically references both the Suarez and Rovelo cases as having "been designated or deemed 'related' to the Galiano action and have been transferred to Judge Karas." Motion, p.2, Memorandum in Support of Motion, p.2. fn.1.

MEREDITH COHEN GREENFOGEL & SKIRNICK, P.C.

      Defendants' counsel have also been aware of the Suarez case and its counsel, not only because of papers before the MDL Panel and the fact of service of the complaint, but also because all defense counsel entered into a stipulation in Suarez relating to responding to the complaint.

      Neither Lowey Dannenberg nor any other counsel for plaintiffs or for defendants communicated with counsel in the Suarez case about a decision concerning consolidation with the other related cases before your Honor. In fact, this firm specifically reached out to the Lowey Dannenberg firm on June 13, 2008, to request just such a discussion and to be included in any discussions on consolidation going forward. A copy of our email in that regard is enclosed. Lowey Dannenberg did not respond. Our email was the last communication this firm had with anyone concerning consolidation. We learned of the stipulation and your Honor's order after the consolidated complaint was filed on July 9, 2008.

      Since then, we have been advised by defense counsel that the Lowey Dannenberg firm told defense counsel that counsel in the Suarez and the Rovelo cases were going to proceed in the EDNY, had no interest in pursuing their respective client's claims in the SDNY and would remain on the sidelines. Defense counsel evidently agreed to a stipulation excluding the Suarez and Rovelo actions based upon representations from the Lowey Dannenberg firm. They certainly did not bother to confirm the representations with counsel in the Suarez action. These representations were and are false, at least as to Suarez. There was no discussion whatsoever between this firm and the Lowey Dannenberg firm, or anyone else, on consolidation or on this firm proceeding in the EDNY to the exclusion of our client's interest in his action in the SDNY.

      Finally, there is no good reason to allow a number of related cases representing identical classes and involving the same factual basis against the same defendants to proceed simultaneously in both the SDNY and the EDNY, where there are twelve related actions that have already been consolidated in one complaint. We respectfully request a pre-motion conference in order to discuss with all interested parties the issue of complete consolidation and transfer of the New York cases to a single judge. We respectfully suggest that a pre-motion conference before your Honor affords a vehicle to determine the appropriate District so that a motion to proceed in a single forum can be filed, briefed, argued and determined as expeditiously as possible.

Respectfully,

Robert A. Skirnick

RAS:lrp
Enclosure

cc: By email and regular mail to all counsel on the attached Service List

*[Handwritten note:]* All counsel in the consolidated case are directed to respond to this letter by July 25, 2008.

SO ORDERED

KENNETH M. KARAS U.S.D.J.